Thank you your honor. May it please the court. Mr. Clemons is entitled to an evidentiary hearing on his claim that he received ineffective assistance of trial counsel when his trial counsel failed to properly investigate and present the alibi testimony of Andre Smith. Mr. Clemons presented this claim accompanied with an affidavit from Mr. Smith to the Illinois trial courts and his post-conviction petition. He raised it with the Illinois appellate courts when his attorney refused to raise it on his behalf and he raised it with the Illinois Supreme Court in his petition for leave to appeal. I think that's right we have fair presentment here of this claim for purposes of procedural default analysis. The more difficult question for me is whether the state appellate courts denial of his motion to supplement counsel's brief with one of his own that would include the Andre Smith argument the alibi alleged alibi witness was it was denied and and it was denied on the grounds of the policy apparently that the Illinois appellate courts have of no hybrid representation on appeal and the question is whether that's an adequate and independent ground. It's clearly independent the question is whether it's adequate. Yeah it's not your honor and it's not for this reason. The whole point of the exhaustion requirement is to present the federal claim the operative facts and law to the state courts so the state courts can consider them if they want to. They're not required to if they don't want to they can ignore them and that's fine but in this court has has held that petitioners habeas petitioners can be held accountable for their lawyers actions under agency law principles but the key thing of agency law is that the principal gets to direct his agent not the other way around and so you know Coleman versus Thompson Supreme Court case today the petitioner you're on the hook for your lawyer missing the statute of limitations deadline because he's your agent but in what this court has said is that alright client if you are not happy with your agents actions you have to monitor what your action what your agent is doing and if you don't like it you have to take take it matters into your own hand and that's in this court's case Johnson versus right and he had an opportunity to do that when the Illinois Appellate Court told him twice that it would take the motion of supplement with the merits that was decision time for him but he well respectfully right his counsel filed a brief right he filed a reply he filed this pro se brief right the state then filed a motion asking the Illinois Appellate Court don't consider the the pro se brief right the state the Court of Appeals did not tell mr. Clemens prior to it rule to its ruling on the merits of his case whether they were going to consider his pro se brief or whether they were not going to consider right they didn't rule on his motion to supplement either the principal brief of his counsel or the reply brief of his counsel but they did tell him that they would take that motion to supplement pro se right with the merits and as I said earlier it seems to me that was the decision point for him if he didn't want to take the risk that they were going to deny the motion which they later did granted in a ruling after the merits were decided but he was on notice then that he needed to make a decision and you know if he didn't want to take the risk that his supplement was going to be in his supplemental brief he said if you're if you're not going to if they will you guys won't let me raise this to my counsel I want to go pro se because I do not want these arguments waived that is in his reply brief it's on the second page of his reply brief is rather late right you usually you have to make your choice ex ante you can't say well I didn't like what my lawyer did in his opening brief so let's start from scratch well if you don't get shown the brief criminal defendants just to dismiss their lawyers freely but we share the brief with the client first the client has no idea what actual claims are going to get raised and so it's not until after that brief gets filed that the then the client says sees you didn't raise the claims I wanted raised so what can he do he's informs the court the lawyers not raising what I want here's what I want to do if you won't let me supplement my lawyers brief I want to go pro se but he didn't do that when he filed his first supplement he says in the court said we're going to decide this issue with the merits so again that was the point for him to say well if that's the case then I want to fire my client my attorney and have you Illinois Court of Appeals decide my case based on the arguments that I want to raise this is what he told in his the pro se brief says I Rodney Clemens asked this court to review the argument in this brief and allow them to be supplemented to the brief that Stephanie Fisher has prepared for the defendant so they will not be waived or allow petitioner to add them pro se right but he didn't he didn't ask to fire his counsel and have the court proceed based only on his pro se filing and disregard counsel's brief well I think what he would have to do then first of all the letter that he sent with his reply pro se brief makes clear that he was under the impression that the motion being taken with the case meant that that would get considered because he tells the he says it both in the letter to the clerk asking them to file it he said the brief was taken with the case the state attorney just responded to this case and I prepared a reply brief and in the reply brief he talks about this is exhibit P that's page 9 of exhibit P page 644 he talks about that he was allowed to file them his pro se brief the state didn't respond to it so he should win now if the state wants to tell the petitioner you have to make the choice either go with your counsel or go pro se they need to tell the petitioner that the appellant in the state court that before they rule on the merits of this case why because as the Supreme Court ever said that there must be rule specific notice to somebody before the state can enforce its procedural rules if while the Supreme Court has said that discretionary rules can be found independent address my question the argument you were making is that there can't be a procedural default here because the rule against hybrid representation was never communicated to Clemens distinctly question I asked is has the Supreme Court required a distinct communication rule-by-rule about what rules the person must follow no but that was not my argument your honor my argument is this is a discretionary rule Mr. Clemens doesn't know if his brief is going to be allowed to be considered or not because the state sometimes will consider them sometimes they will not the Supreme Court in Walker versus Martin and Beard versus Kindler has said discretionary rules can be adequate however if it's not if they're discretionary so you don't know how the court is going to the court needs to let the individual defendant rule on it or no either yes under our discretion we're going to grant this or no under our discretion we are not so that he can then make the decision of whether to go pro se the so they have to actually decide the issue yes if the state in what supports that instruction of the independent and adequate in Walker versus Martin where the Supreme Court upheld the California Supreme Court's ruling that they don't have it they didn't have a set statute of limitations it was more free-floating they after they said that they were going to find that adequate they they said in so ruling we stress that Martin has not alleged that California's time bar either by design or in operation discriminates against federal claims or automatically appointed mr. Clemens a lawyer on appeal under Supreme Court rule 615 Illinois Supreme Court rule 615 that lawyer files a brief mr. Clemens says hey my lawyer who's supposed to be my agent who's supposed to I'm supposed to be able to direct did not raise the claim I wanted raised this is the claim I want to raise if you won't let it be done in a supplement to my lawyers brief I want to go pro se the state of Illinois says or it through the executive says don't consider that brief the state court say we're not going to tell you whether we're going to consider it or not until after we decide on the merits that in operation discriminates against federal claims that petitioners want to raise because they know if they are not raised in the state courts they're going to face procedural default arguments in federal court so by operation the way they are they're trying to use this rule in this case it actually just puts them to a choice early on in the appeal if there's a dispute with counsel about what issues should be raised they're going to be taken a chance that the court is going to exercise its discretion and not accept a supplemental pro se brief so they have to decide early on whether they want to go to loan that's not discriminatory well number one under Illinois automatically they get a lawyer whether they ask for it or not Mr. Clemens never asked for a lawyer in the appellate court right that's not at all unusual you know what is unusual is allowing a criminal defendant to wait until the ruling goes against him to decide whether he wants to fire his lawyer and start all over your honor I submit respectfully that is completely backwards the state of Illinois cannot tell the person will think about it we'll think about whether we'll let you will consider these arguments and we're not going to tell you whether we are or we are not till after we rule on your case and it's too late for you to make the choice that the state now wants to say that Mr. Clemens should have had to make they pulled the rug out from her if they would have said no we're not considering it it's denied he then has the opportunity to say fine I'm going pro se I mean he already did that I submit in what he filed he said I either want this as a supplement or I want to go pro se I think that is clearly a pro se litigant saying hey if you won't consider this as a supplement I'm going pro se but even if you don't accept that they need to turn square corners with him to say we're not doing it instead of playing hide the ball say we're not going to let you know whether we're considering this or not so that you don't make the decision so you don't say have the opportunity to say hey the heck with it I'm going pro se I don't want there to be any mistake about it and then wait till after they've ruled where it's too late for him to do anything to then say oh and by the way we're not think about it now we've decided it and now we're telling you that we're not going to consider if they want them to make the choice then let them know one way or the other whether they're going to consider him or not because otherwise you lead the unsophisticated person who's working as hard as they can doing exactly what this court said in Johnson they said even incarcerated defendants have to keep track of what their lawyers are doing and if their lawyer doesn't do what they want them to do they have to take matters into their own hands and that is exactly what mr. Clemens did otherwise basically this court is saying in the message will go out to the folks in the state of Illinois that are litigating appeals and post convictions first thing out of the gate fire your lawyer and so you raise everything you can raise and everybody will be going pro se and I don't think that that is a particularly good resolution this resolution actually is strikes the best balance of all right state of Illinois just you got to tell them before you rule whether you're going to consider it so they can make the decision mm-hmm thank you mr. Patton mr. Becker may it please the court counsel I'm assistant attorney general Matthew Becker on behalf of the respondent warden and I'll start with some of the about the adequacy of the state law rules here I think what my opponent is saying about the nature of the motion that his client filed is that he's saying there was some of this language about adding claims pro se or supplementing them to counsel's brief and what he's saying is that the appellate court was obligated to liberally construe that filing as sort of a springing motion to fight the fire counsel if leave to supplement and proceed sort of in hybrid fashion isn't granted and there are a number of problems with that argument one is that he wasn't actually pro se at the time he did submit this document on his own but if anyone was going to explain to him how this works and what taking with the case means it should have been counsel this also not necessarily a clear right to liberal construal of everything you file in state court for all purposes and it just wasn't clear to us that that's what he was asking for we had just read his motion to me and as did most of the other actors in this case up until this point as a motion to supplement counsel's brief now there's also this suggestion of what that perhaps the Mr. Clemens what taken with the case means but of course in general even if he were pro se there isn't a right to legal advice from a court we know that from cases like McCaskill against Wiggins from Plyler against Ford and from this court's own R.A. against Battaglia and of course again he wasn't pro se and then there's this idea that the appellate court needed to decide the motion faster one of the problems with that is that there's no federal law basis for that rule and in fact taking motions with the case is a pretty common practice in both state and federal court I gather that the rule my opponent is asking for isn't really one that this court would necessarily accept for itself right he's saying that that practice is sandbagging in this situation and it is not because among other things the lawyer who is still on the case for the defendant can explain this to him now there's also an issue of fairness to the state wrapped up in here he does have appointed counsel at this time counsel has put in some work counsel has put together a brief counsel has filed the brief and since there is no constitutional right to counsel at this stage we're in a post-conviction appeal counsel is a matter of legislative grace and it makes sense that once counsel has done this work and put a brief on the record then the state and state court also get the benefit of relatively streamlined proceedings obviously in an ideal world all motions would be decided a little quicker and few of them it's not a question of speed it's a question of timing and sequence I think is what the argument is as best I'm understanding it that the Court of Appeals needed to decide before it reached the merits that this whole practice of taking these merits or deciding them after the merits is unfair somehow and results in a one of those freakish and arbitrary administrations of our applications of a procedural rule that becomes inadequate for procedural default purposes so it's really not how fast they got to it but the sequence that had to come before the and go it alone well once counsel files the brief it may well be too late and in terms of looking at the overall fairness of this you could draw an analogy to trial proceedings where you can fire counsel right up to the eve of trial but then once the trial has begun then the court has great discretion to deny you leave to begin representing yourself so it's far from clear that there would be any problem with denying even a motion to proceed pro se once counsel's brief is on file now if you get in ahead of counsel's brief then that starts to look like a harder question and there isn't already a brief on file under Illinois Supreme Court rules. Right, but these disputes almost always unfold the way this one did which is that the defendant is unhappy with counsel's brief because there are omitted arguments that he wanted to raise which may or may not have been discussed ahead of time and so you get the pro se supplement and that's routinely how it happens in federal court that's routinely how it happens in state court the Illinois rule is that that kind of hybrid representation is strongly disfavored there's nothing wrong with that rule as an independent and adequate rule the question is whether it was arbitrarily enforced because it was taken with the merits and actually decided after the merits which is too late for him to do anything about it if he loses. Well both federal cases and state cases would put him on notice or rather put his defense team on notice really would be counsel should be looking at these cases once counsel's aware of this dispute in the Illinois appellate court first district case of people against Thompson that we cited in our brief it's a 2002 case something very similar happened essentially initially the defendant filed a pro se supplement to counsel's brief the clerk seemed to accept it for filing and the state moved to strike it on the ground there's no hybrid representation and the state's motion was taken with the case and everything was in limbo and the appellate court didn't signal in any way beforehand to the defendant that he would have to make his choice faster that this was too much of a risk he was running so if you looked at the Illinois precedent at the time his defense team was on notice that this kind of thing could happen and in Gwiazdinski when this court in the late 1990s addressed a pro se brief in a direct appeal this court took the motion for leave to file with the case and then in the merits decision said by the way we're not considering the pro se supplement it's not properly before us so if it is fine for this court then for purposes of this idea of freakishness and unfair surprise under Prohode against McCottry this court's precedent is illustrative it's it may be somewhat problematic in some cases but it's not unfair it's not totally unanticipated to reasonable lawyers in the state it's I would also note that in Johnson the case my opponent is citing here where this court advised litigants to take matters into their own hands sometimes that was a reference specifically to dealing with the statute of limitations and what happens if you're worried that counsel might not be diligent in putting together an initial habeas petition and so you need to file a protective petition in the federal court so that that's a very different issue here there's also a criticism running through my opponent's argument of the idea that clients can't control their lawyers but the truth is that this the state of the unique agency relationship between client and lawyers in American criminal courts so for instance in Jones against Barnes the Supreme Court of the United States says you don't have a right to force appellate counsel even in a direct appeal to raise particular preferred issues in Martinez against Court of Appeal of California the Supreme Court said you don't necessarily have a right to proceed pro se on appeal in theory on a direct appeal even a state can force you to proceed with counsel and we know at the trial level there are all kinds of decisions that are really left to counsel's discretion and there are just a few that for autonomy reasons are reserved to defendants say the decision whether to plead a certain way so there's nothing particularly surprising about that aspect of our argument here so can you get to the issue that was raised because the state's witnesses all had issues that Marie said it was two people it was one Derek Clemens didn't mention facial hair he was off by 14 years on the age Paul was bipolar at the time and Jones gave a fake name and heard a different kind of quote so isn't there a reasonable possibility the outcome would have been different with Andre Smith no there's some possibility but not a reasonable probability now one of the things to consider about these eyewitnesses is of course there were inconsistencies between them there were what we consider warts or imperfections but anecdotally we also know this is incredibly common even with solid eyewitness identifications and at the end of the day you have four of them they mutually support each other in that regard you have the additional circumstantial evidence like petitioners conduct with the victim's daughter and like his statement to ASA Sears and then you have the overall weakness of the alibi this is not a case like Rigoza where there's a really really strong alibi this is one where it's a friend the friend was particularly vigilant about vigilant about keeping time we're not sure why and then you have the standard itself which we know from Richter reasonable probability is very close to more likely than not if there are no further questions thank you thank you very much thanks to both counsel the case is taken under advisement